UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-00346-SGL(Ex)                              Date:  February 19, 2009

Title:    WASHINGTON MUTUAL BANK -v- MYRON CALDERON, ET AL.
==================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

      Cindy Sasse                                        None Present
      Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                     None present

PROCEEDINGS:     ORDER TO SHOW CAUSE

      The Court has received and reviewed defendant's February 18, 2009, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in Riverside County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because in their answer (mistakenly referred to in the notice as "defendant's complaint") to the claim he asserted as a defense that plaintiff had violated the Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, and the RICO statute. (Notice Removal at 2 ¶ 3).  The problem with that argument is that the lodging of a federal defense to a state law claim in state court does not serve to transform the plaintiff's claim as one arising under federal law; it is the character of the claim being pressed by the plaintiff, not a defense interposed by defendant, that is critical in determining whether removal is appropriate.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987); <u>see also</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 12 (1983).

      Given that a substantial question exists as to whether this Court has jurisdiction to hear this matter, defendant is hereby **ORDERED TO SHOW CAUSE** within seven (7) days of the date of this Order why this case should not be remanded to state court.  Defendant's failure to timely

MINUTES FORM 90                                      Initials of Deputy Clerk __cls_____
CIVIL -- GEN                            1

ED CV 09-00346-SGL(Ex)
WASHINGTON MUTUAL BANK v MYRON CALDERON, ET AL.
MINUTE ORDER of February 19, 2009

respond to the Order to Show Cause shall be considered by the Court as a failure to prosecute this matter and will result in the summary remand of the matter to state court.

   IT IS SO ORDERED.